UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
v. : CR No. 13-062S
:
BASSAM KHALIL :

**MEMORANDUM AND ORDER**

Defendant is charged by Indictment with four felony offenses: conspiracy to engage in contraband cigarette[1] trafficking, contraband cigarette trafficking, conspiracy to make a false statement to the Social Security Administration and making a false statement to a representative of the Social Security Administration. Defendant has been detained since his initial appearance on May 8, 2013. The issue of bail was argued at both Defendant's initial appearance and a May 23, 2013 bail hearing. After considering the arguments of counsel, Defendant was preliminarily detained as a risk of flight and pending further investigation of Defendant's proposed release conditions.

The Bail Reform Act informs the Court as to the factors to consider in determining whether or not there are release conditions which could be imposed that would reasonably assure the appearance of the defendant for future court proceedings. 18 U.S.C. § 3142(c). The Government argues that Defendant should be detained pending trial based on risk of flight, and it bears the burden of proving risk of flight by a preponderance of the evidence. United States v. Patriarca, 948 F.2d 789, 793 (1st Cir. 1991).

---

[1] The term "contraband cigarettes" means a quantity in excess of 10,000 cigarettes which bear no evidence of the payment of applicable state or local cigarette taxes. 18 U.S.C. § 2341(2). The Government has proffered that the conspiracy charged in this case is responsible for tax losses exceeding $1 million and that Defendant is also under investigation for federal income tax evasion.

Applying the factors set forth in 18 U.S.C. § 3142(g), I find that the Government has met its burden of establishing that Defendant is a flight risk and that there are no release conditions which would reasonably assure the Defendant's appearance at future court proceedings. Here, the weight of the evidence against Defendant is strong, and he faces a significant period of incarceration if convicted. 18 U.S.C. § 3142(g)(2). The Government's case results from a lengthy investigation which included GPS tracking of the movements of Defendant and his co-conspirators, video surveillance of their activities and wire interception of their conversations. The Government has proffered that Defendant's role in the conspiracy was to distribute/sell a substantial amount of contraband cigarettes purchased in Virginia and transported to Rhode Island, and that he was surveilled taking them from storage at a commercial property in Providence which he co-owned with his brother and co-conspirator Wissam Khalil and then delivering them to customers for resale. The Government also proffers that the commercial property was altered to allow the inventory of contraband cigarettes to be surreptitiously stored in a "hide."

In addition, Defendant has limited ties to this District. 18 U.S.C. § 3142(g)(3)(A). He is not married and has no children. At the time of his arrest, Defendant resided in Pawtucket in a three-family home he purchased in 2005 that is "under water" and the subject of stayed mortgage foreclosure proceedings. See Khalil v. Mortg. Elec. Registration Sys., C.A. No. 1:12-cv-00698-M (D.R.I.). Defendant reported no current employment other than self-employment maintaining his rental properties. Although Defendant has siblings in the District, two are charged as co-conspirators in this case and he also has family ties to both Syria and Lebanon and has traveled internationally

according to the Government. Defendant is not a citizen, and a conviction in this case would likely result in adverse immigration consequences.[2]

Finally, Defendant's past behavior shows that he is not trustworthy and that he has no respect for the law or Court-imposed conditions. See 18 U.S.C. § 3142(g)(3)(A), (B) (Under the Bail Reform Act, the Court may consider the defendant's "character," "past conduct," "criminal history," and whether, at the time of the currently charged offense, the defendant was on "release pending trial...for an offense under Federal, State, or local law."). First, Defendant was before this Court in 2009 on nearly identical contraband cigarette trafficking charges. See United States v. Bassam Khalil, CR No. 08-118S (D.R.I.). Defendant pled guilty before District Judge Smith on January 29, 2009 and indicated in an acceptance of responsibility letter to the Court that "I regret that I got involved in the transaction in question and realize that it was a mistake and an error in judgment on my part, but I fully acknowledge and appreciate the wrongfulness of my conduct and completely accept responsibility for the crime that I committed." Ultimately, Defendant was allowed to vacate his guilty plea and to enter into a pretrial diversion agreement which resulted in dismissal of the felony charge on October 2, 2009. As previously noted, it is my understanding that the intent behind this disposition was to protect Defendant from the adverse immigration consequences of a felony conviction.

Despite this leniency, Defendant continued in the contraband cigarette trafficking business and, on or about April 25, 2012, he was again arrested and charged by the State with selling

---

[2] In fact, a prior prosecution of Defendant in this Court for a similar crime resulted in post-guilty plea, pretrial diversion based on concerns raised by Defendant's counsel about the immigration consequences of a felony conviction in that case. See United States v. Bassam Khalil, CR No. 08-118S (D.R.I.).

unstamped cigarettes. See State of R.I. v. Bassam Khalil, P2-2012-3102C.[3] Defendant was released on surety bail including the standard condition that he be of good behavior, i.e., not commit crimes. However, this arrest also did little to deter Defendant and his co-conspirators and, according to the Indictment and the Government's proffer as to the results of its long-term investigation, the criminal enterprise did not skip a beat over the next year while Defendant was on bail awaiting trial on the state charges.

In addition to these breaches of the Court's trust, the Government posits that Defendant's lack of trustworthiness is also evidenced by his knowingly false statement made to a representative of the Social Security Administration in February 2013 intended to continue the payment of benefits to an ineligible recipient.

At the May 23, 2013 hearing, Defendant's counsel proposed release conditions including the appointment of two of Defendant's brothers as third-party custodians and the posting of two pieces of real estate held by them as security. However, these proposals do not alleviate the Court's concerns as to flight risk. First, Defendant is a forty-eight year old adult, and I am not convinced that his siblings (who do not reside with Defendant and who have their own families and businesses to attend to) would be in any better position than the Court to supervise Defendant's compliance and whereabouts. Second, as to the proposed posting of his brothers' commercial properties, they are not owned by Defendant and thus do not directly create a disincentive for Defendant to flee. Also, it appears that the value of the properties (and available equity) has been exaggerated. The value of the West Warwick property was represented to be $750,000.00, yet the Town currently assesses the

---

[3] Although the charges were dismissed on April 15, 2013, the Government proffered that the State did not contest Defendant's Motion to Dismiss the charges because this federal investigation was reaching its conclusion, and the State did not want to compromise this investigation by revealing matters being brought before a federal grand jury.

property at only $365,400.00; and the value of the Providence property was represented to be $1,200,000.00, yet the City currently assesses the property at only $512,000.00. Further, both properties house daycare operations, and the Government informed Pretrial Services during its investigation of the proposed security that a wiretap recorded conversation between Defendant and his brother/co-Defendant Wissam Khalil referenced an IRS audit involving one of the brothers in question, a substantial tax liability and concerns about the continued operation of the daycare centers. Thus, the true level of equity in the proposed properties is far from clear at this point.

    For the foregoing reasons, Defendant's Motion for Release on Bail is DENIED, and the Court's prior Detention Order stands.

SO ORDERED


  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
June 10, 2013