UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
        v.                          )   CR. No. 13-62-01 S
                                    )
WISSAM KHALIL,                      )
                                    )
        Defendant.                  )
_____)

## OPINION AND ORDER

WILLIAM E. SMITH, United States District Judge.

Before the Court is Defendant's Motion to Revoke Detention Order (ECF No. 56) pursuant to 18 U.S.C. § 3145(b). Specifically, Defendant asks that the Court revoke Magistrate Judge Lincoln D. Almond's May 14, 2013 Detention Order Pending Trial ("Detention Order") (ECF No. 35). Also before the Court is the Government's Motion to Continue in Place Court's Earlier Order of Detention (ECF No. 58) pursuant to 18 U.S.C. § 3142(e) and (g).

The Court addressed an almost identical issue when Wissam Khalil's co-Defendant and brother, Bassam Khalil, moved for the Court to reconsider the Magistrate's Detention Order. The Court held a hearing to address Bassam Khalil's motion on August 6, 2013. Because many of the issues are quite similar for both Defendants, the Court does not need to hold a hearing to resolve the issue.

The standard of review for a district court's reconsideration of a magistrate judge's decision for pretrial detention is de novo. United States v. Tortora, 922 F.2d 880, 883 n.4 (1st Cir. 1990).

Determinations of conditioned release or pretrial detention are governed by the Bail Reform Act, which allows a defendant to be detained only if the government establishes that the defendant poses some danger to the community or that there is a serious risk that the defendant will flee. 18 U.S.C. § 3142(f)(2). Because the defendant in this case is not charged with a violent crime, and the Magistrate's decision rests only on a risk of failure to appear, the issue is whether any "condition or combination of conditions will reasonably assure the appearance of the person." § 3142(e)(1). The Government has the burden to prove the need for detention by a preponderance of the evidence. United States v. Patriarca, 948 F.2d 789, 793 (1st Cir. 1991).

In assessing the risk of failure to appear, the Bail Reform Act mandates that the Court consider:

available information concerning-

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence;

(2) the weight of the evidence against the person;

>    (3) the history and characteristics of the person
>    . . .; and
>
>    (4) the nature and seriousness of the danger to
>    any person or the community that would be posed
>    by the person's release.

18 U.S.C. § 3142(g). The statute plainly states that a court must consider these four factors in conjunction with each other, performing a totality of the circumstances type analysis.

The Magistrate Judge appropriately addressed these factors in determining that the Government established by a preponderance of the evidence that Defendant is a flight risk. The Magistrate Judge found that the "weight of the evidence against Defendant is strong and he faces a significant period of incarceration if convicted given the amount of money involved and his leadership role in the charged conspiracy." (Detention Order 2.) As the Government articulated at the hearing for Bassam Khalil, the evidence against both Defendants includes a 90-day wiretap, GPS tracking of Defendants' phones, many hours of physical surveillance, video surveillance, and business records.[1] (Mot. to Revoke Detention Order Hr'g Tr. ("Tr.") 9:4-12, Aug. 6, 2013.)

---

[1] Since Magistrate Judge Almond's Detention Order and Bassam Khalil's detention hearing, the Government has filed

3

In consideration of Defendant's history and characteristics, the Government asserts, and Defendant does not dispute, that Defendant is not a United States citizen and both his parents currently live in Lebanon. (Tr. 10:7-8, 14-23.) Defendant counters that many members of his family are residents of Rhode Island and that his wife and children are citizens of the United States. He also claims to have only visited Syria once since 2000. (Def.'s Mem. in Supp. of Mot. to Revoke Detention Order ("Def.'s Mem.") 4.) The Court is unconvinced that, with two brothers with international ties also facing federal and state charges, Defendant's familial ties to the District present a strong enough assurance of his future appearance in court proceedings.

One of the most significant factors weighing against Defendant considered by the Magistrate Judge and the Court is that Defendant "allegedly committed these offenses while on bail pending trial on a state charge for similar criminal conduct." (Detention Order 2.) Defendant urges the Court to see his previous appearance at proceedings in

---

a Superseding Indictment against Defendants that includes several additional offenses and more detailed allegations of the offenses previously charged. (ECF No. 63.) The only effect of the Superseding Indictment on the Court's disposition in this matter is to increase the risk of failure to appear due to the additional charges against Defendant and increased potential jail time.

state court as a demonstration of his likelihood to appear at future proceedings in this Court. (Def.'s Mem. 3.) The Government avers that this Defendant, while on bail, requested permission to leave the state on "business," and with that permission allegedly proceeded to reengage in the illegal conduct for which he is charged. This behavior demonstrates a disregard for the law, and the Court agrees with the Magistrate Judge that Defendant has breached the Court's trust.

Finally, the Magistrate Judge noted the possibility of unaccounted for cash referred to by Defendant during the Government's wiretapping investigation. (Detention Order 2.) This allegation by the Government, coupled with Defendant's federal income tax data of underreported income or failure to file a return, (Govt.'s Mem. in Supp. of its Mot. to Continue in Place Court's Earlier Order of Detention 7), present enough evidence that Defendant could have access to unreported income.

The argument presented by Defendant to demonstrate that there are conditions that would assure his appearance does not overcome the weight of the contrary considerations. Defendant's brief attempts to establish that he has strong ties to the community and a strong history of employment, plus a history of appearing in

judicial proceedings, as assurance of his future appearance, but this argument is suspect at best. Furthermore, he offers no additional conditions under which the Court could be assured of his appearance, such as electronic monitoring.

While the Court acknowledges that this is a closer call than for Bassam because Defendant Wissam Khalil has more significant familial ties to Rhode Island than did his brother, nonetheless, the Government's proffered evidence of untrustworthiness and his alleged leadership role in the criminal operations prove by a preponderance of the evidence that Defendant is a risk-of-flight and that no conditions or combinations of conditions of release could be imposed to reasonably assure Defendant's appearance for future court proceedings.

For the foregoing reasons, the Government's Motion to Continue in Place Court's Earlier Order of Detention is GRANTED, and Defendant's Motion to Revoke Detention Order is DENIED.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
United States District Judge
Date: October 9, 2013